IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY D. TOWNSEND,<br><br>    Plaintiff.<br><br>v.<br><br>PETER A. SULLIVAN,<br><br>    Defendant. | No. C 08-3745 SBA<br>Related No. 08-3828 SBA<br><br>**ORDER**<br><br>[Docket No. 13] |

This matter comes before the Court on Plaintiff's unopposed "Motion to Remand of Improperly Removed Case and for Just Costs and Expenses"[Docket No. 13]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiff's Motion for Remand [Docket No. 13].

**BACKGROUND**

The above-captioned cases are identical divorce cases, originally filed on August 30, 2002, in Alameda Superior Court by the plaintiff, Courtney Townsend. Between 2002 and 2008, Ms. Townsend and her ex-husband, defendant Peter Sullivan, filed various motions in Alameda Superior Court to modify child custody, visitation and support orders. The most recent hearing in superior court was on June 12, 2008, and the defendant failed to appear.

One day earlier, on June 11, 2008, the defendant removed the case from Alameda Superior to federal district court in Los Angeles, but never served Ms. Townsend or her attorney of record. Defendant claims a civil rights violation and federal question jurisdiction. [Docket No. 1]. On July 24, 2008, Mr. Sullivan requested a default on the removal action, which was denied as improper, and the case was transferred to this Court for venue reasons. [Docket No. 10]. The original case number assigned was 08-3810 (C.D. Cal.) and when it was transferred from the Central District it was assigned as *both* 08-3745-SBA *and* 08-3828-MEJ.

The plaintiff received notice of the transfer by way of this court's order setting the initial CMC. [Docket No. 12]. The plaintiff did not receive notice of the reassignment to Magistrate Judge James until the magistrate judge issued an order to show cause on December 1, 2008, and set it for hearing. The plaintiff responded to the OSC and the magistrate judge vacated the hearing on the OSC and promptly referred the case to this court. The Court finds the cases related.

Plaintiff has never been served with the Notice of Removal. Plaintiff filed her motion to remand on October 17, 2008.

## LEGAL STANDARD

Unless expressly excluded by Congress, "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis supplied).

Once removal has occurred, a motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c) (emphasis supplied). The question of subject matter jurisdiction may be raised at any time during the pendency of the action, even on appeal. *Snell v. Cleveland, Inc*., 316 F.3d 822, 826 (9th Cir. 2002). The issue on appeal is whether the federal district court would have had original jurisdiction ... had it been filed in that court. *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 342-43 (9th Cir.1996).

Pursuant to 28 U.S.C. § 1331, a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action "arises under" federal law when "federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). An action can also arise under federal law if the cause of action is based on state law, but "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg*., 545 U.S. 308, 314 (2005).

## ANALYSIS

2

**A. Motion to Remand**

Removal of a case to federal court where the federal court is without original jurisdiction is not authorized by the removal statute. *See* 28 U.S.C. § 1441 (authorizing the removal of civil actions from state court to federal courts in which they have *original jurisdiction*). It is well-settled that federal courts have no jurisdiction of cases to establish paternity or child support. *See Albanese v. Richter*, 161 F.2d 688 (3rd Cir. 1947). It is equally well recognized "that the federal courts must decline jurisdiction of cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife." *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968); *see also Codda v. Codda*, 2005 WL 2250755, 1 (9th Cir. 2005).

The action that was removed was Ms. Townsend's petition for back child support, for attorney's fees in relation to a contempt order against her ex-husband, for a modification of visitation and for a custody evaluation. [Notice of Removal, Exhibit 1]. The case clearly concerns domestic relations matters arising out of the parties' divorce action, over which this Court has no jurisdiction. *See Barber v. Barber*, 62 U.S. 582 (1859) (holding that there is no federal court jurisdiction whatsoever over domestic relations matters such as divorce, or matters incident to divorce).

Ms. Townsend's motion to remand to state court for lack of subject matter jurisdiction is well-founded. Because the federal district court would never have had original jurisdiction over the matter had it been first filed here rather than removed from state court, it is improperly removed. Furthermore, remand to state court for lack of subject matter jurisdiction is always timely, and may be brought by the plaintiff or raised sua sponte by the Court. *See* 28 U.S.C. § 1447(c).

This case presents issues better suited to state court, which has more expertise in the field of domestic relations. For these reasons, the Court GRANTS the Plaintiff's motion to remand.

**B. Request for Just Costs and Expenses Incurred due to Improper Removal.**

Plaintiff also requests an award of costs incurred litigating the removal, including attorneys' fees. Section 1447(c) of Title 28, United States Code, provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Costs may be awarded for an improper removal even absent a finding of

3

bad faith. *Moore v. Permanente Med. Group. Inc*., 981 F.2d 443, 446 (9th Cir. 1992). The award of fees is within the discretion of the district court. *Id.*

The Court may properly award costs and attorney's fees to Ms. Townsend because the removal was improper and the plaintiff has had to incur more than $2,000 in unnecessary legal fees expense in seeking this remand. Section 1447(c) permits her to recoup that expense. *See* 28 U.S.C. §1447(c); *Baddie v. Berkeley Farms*, *Inc.*, 64 F.3d 487, 490 (9th Cir. 1995). The fact that Mr. Sullivan is unrepresented by counsel in both federal and state court mitigates slightly against an award of fees and costs for the remand. However, it is easy to infer bad faith conduct on the part of Mr. Sullivan. First, he removed the case to federal court in Los Angeles, where he resides, on the day before he was scheduled to appear in Oakland family court for a hearing on child support and other issues. [*See* Exhibit 1, Findings and Order after Hearing, September 21, 2007; Letter dated April 22, 2008, from Child Custody Evaluator]. Second, he never served the plaintiff with the removal papers yet took the affirmative step of requesting a "default with prejudice" on July 22, 2008, for her failure to respond to his removal. [Docket No. 6]. The clerk of the court promptly denied the request as improper. [Docket No. 7].

Bad faith is not a requirement for the award of just costs and expenses incurred due to an improper removal. However, the removal was clearly improper and the Court has the discretion to award attorney's fees and costs associated with the remand motion. The Court GRANTS the plaintiff's request for just costs and expenses

**CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand and Request for Costs and Expenses [Docket No. 13] is GRANTED. The case is hereby REMANDED to the Superior Court for Alameda County, Oakland Division. All pending matters are terminated and the clerk is directed to close the file.

IT IS SO ORDERED.

Dated: 1/15/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

4